```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION

ALBERT CURRY                    *
                                *
     Plaintiff,                 *
                                *
vs.                             *   CIVIL ACTION NO. 13-00517-CG-B
                                *
TODD HANKS,                     *
                                *
     Defendant.                 *
```

## REPORT AND RECOMMENDATION

Plaintiff, Albert Curry, proceeding *pro se* and *in forma pauperis*, filed a complaint seeking relief under 42 U.S.C. § 1983 (Doc. 11). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. CivLR 72(a)(2)(R), and is now before the undersigned on Defendant Todd Hanks' Motion for Summary Judgment (Doc. 30) and Plaintiff's Objection to the Motion (Doc. 31).[1] After careful consideration of the motion and supporting materials, and Plaintiff's objections, the undersigned recommends that Defendant's Motion for Summary Judgment be **GRANTED** and that this action be **DISMISSED** with prejudice.

---

[1] Defendant's Answer and Special Report (Docs. 27, 28) were collectively converted into and treated as a motion for summary judgment. (Doc. 30)

I.	**SUMMARY OF FACTUAL ALLEGATIONS**

From its review of the record, the Court summarizes the allegations that are material to the issues addressed in this Report and Recommendation.[2] This case arises out of Plaintiff Albert Curry's arrest on September 1, 2012 for suspicion of driving under the influence of alcohol. (Doc. 14). At the time his arrest, Curry was out on bond in connection with a DUI charge. (Doc. 27 - 7). On September 1, 2012, Monroe County Sheriff's Deputies Brandon Lolley and Ellis Manuel received a 911 call in reference to a two vehicle wreck on Highway 21 North and County Road 42 in Monroeville, Alabama. (Docs. 27-1. 27-2, 27-3) It was reported that one of the vehicles was attempting to leave the scene. (Id.) The deputies located an unoccupied silver van with front end damage parked in the roadway down from the accident scene. (Id.) Approximately 10 to 15 minutes after their arrival, deputies Lolley and Manuel heard sounds in the woods, and at their direction, Curry came walking out of the woods. Curry had a strong odor of alcohol, and was yelling that he was not driving the wrecked van. The deputies also observed

---

[2] For summary judgment purposes, the Court's analysis must begin with a description of the facts in the light most favorable to Curry, who is the non-moving party. See Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002). "[T]he 'facts,' as accepted at the summary judgment stage of the proceedings, may not be the 'actual' facts of the case." Priester v. City of Riviera Beach, 208 F.3d 919, 925 n.3 (11th Cir. 2000).

that he was loud and boisterous, that his speech was slurred and that he had an unsteady balance. (Id.)

Defendant William Todd Hanks, an Alabama State Trooper, was notified on September 1, 2012 of the two car accident at the intersection of Alabama Highway 21 and County Road 42 in Monroe County, Alabama, and was dispatched to the scene. (Id.) Upon arrival, he observed Curry in the backseat of the deputies' patrol car, and was advised by the deputies that upon arrival, they saw the wrecked vehicle, and could see that someone had left the van, and went into the woods. (Id.) When the deputies heard noise in the woods, they instructed the person to come out, and in response, Curry came walking out of the woods. The deputies also relayed that Curry had a strong smell of alcohol, that he had trouble maintaining his balance and had slurred speech, and that Curry was the only person located in the vicinity of the wrecked van. (Id.)

Defendant Hanks made contact with Curry in the rear of the deputies' patrol car, and observed that Curry had a strong odor of alcohol on him. Based on his observations, and the information relayed by the two deputies, Defendant Hanks caused Curry to be placed under arrest for DUI. (Doc. 27-3)

Curry filed a complaint in this matter in the Middle District of Alabama. (Doc. 5). Shortly thereafter, the case was transferred to the Southern District of Alabama. (Docs. 5, 6)

Curry claims that Defendant Hanks unlawfully arrested him on September 1, 2012. (Doc. 14)  Hanks contends that the DUI charge was later dismissed, and that his arrest was unlawful because he was not driving the van at the time of the accident, the van did not belong to him, Defendant Hanks did not have any proof to support the charges against him, and Defendant Hanks failed to investigate the accident, including obtaining fingerprints from the steering wheel. (Doc. 31).

For relief, Curry seeks to have the arrest "remove[d]" from his record, to be "release[d] back to probation," and to be paid "for the time [he has] served for this unlawful arrest and wrongful incarceration." (Doc. 14 at 7).  In his Answer and Special Report, Defendant Hanks denies Curry's allegations and asserts the defenses of failure to state a claim, qualified immunity, and state agent immunity to the extent that Curry alleges state law causes of action. (Docs. 27, 28).  In support of his Special Report, Hanks has submitted affidavits, and other documents. (Docs. 27-1, 27-2, 27-3, 27-4, 27-5, 27-6, 27-7).

On January 12, 2015, this Court converted Defendant's Answer and Special Report into a motion for summary judgment, and afforded the parties an opportunity to file briefs in support of and opposing the motion. (Doc. 30).  In response, Curry filed an Objection to Defendant's Motion for Summary

4

Judgment. (Doc. 31). The summary judgment motion has been fully briefed and is now ready for resolution.

## II.   SUMMARY JUDGMENT STANDARD

Summary Judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Garczynski v. Bradshaw, 573 F.3d 1158, 1165 (11th Cir. 2009) ("[S]ummary judgment is appropriate even if 'some alleged factual dispute' between the parties remains, so long as there is 'no *genuine* issue of *material* fact.'"(citation omitted)(emphasis in original)).

> The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.
>
> Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing

5

> that there is a genuine issue for trial.'" To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor.

ThyssenKrupp Steel USA, LLC v. United Forming, Inc., 926 F. Supp. 2d 1286, 1289-90 (S.D. Ala. Jan. 29, 2013) (citations omitted).

In considering whether the defendant is entitled to summary judgment in this case, the Court has viewed the facts in the light most favorable to Curry. Comer v. City of Palm Bay, 265 F.3d 1186, 1192 (11th Cir. 2001) ("We view the evidence and all factual inferences raised by it in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-moving party.")(citations omitted). Once the moving party has satisfied its responsibility, the burden shifts to the non-movant to show the existence of a genuine issue of material fact. Id. "If the nonmoving party fails to make 'a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof,' the moving party is entitled to summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)) (footnote omitted). "In reviewing whether the nonmoving party has met its burden, the

6

court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 999 (11th Cir. 1992) (internal citations and quotations omitted). "Summary judgment is justified only for those cases devoid of any need for factual determinations." Offshore Aviation v. Transcon Lines, Inc., 831 F.2d 1013, 1016 (11th Cir.1987) (quotation marks and citation omitted).

Additionally, the Court is required to liberally construe a pro se litigant's pleadings; however, the Court does not have "license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010); *see also* Giles v. Wal-Mart Distrib. Ctr., 359 F. App'x 91, 93 (11th Cir. 2009) (internal citations and quotations omitted) ("Although pro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite

7

an otherwise deficient pleading in order to sustain an action.").

## III.   DISCUSSION

As discussed above, Curry seeks redress pursuant to 42 U.S.C. § 1983 for an alleged constitutional deprivation arising out of his September 1, 2012 arrest.[3] (Doc. 14). Curry essentially argues that Hanks did not have probable cause to arrest him. "A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim." Ortega v. Christian, 85 F. 3d 1521, 1525 (11th Cir. 1996). "Probable cause to arrest exists if the facts and circumstances within the officer's knowledge, of which he has reasonably trustworthy information would cause a prudent person to believe, under the circumstances shown, that the suspect has

---

[3] Section 1983 provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.

committed or is committing an offense." Id. However, there will be no liability if the officer is entitled to qualified immunity. See Pearson v. Callahan, 555 U.S. 223, 231m 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). "To receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Kingsland v. City of Miami, 382 F. 3d 1220, 1232 (11th Cir. 2004)(internal quotation marks omitted). In this case, there is no dispute that Defendant Hanks was exercising his discretionary authority as an Alabama State Trooper when he caused Curry to be arrested.

"Once the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." Id. (internal quotation marks omitted). The plaintiff must show that the alleged constitutional violation was "clearly established." See Pearson, 555 U.S. at 232. "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987). In wrongful arrests cases, the Eleventh Circuit has defined the "clearly established" prong as an "arguable probable cause inquiry", which is a more lenient standard than probable cause". Moran v. Cameron, 362 Fed. Appx.

88, 93-94 (11th Cir. 2010). See also Jackson v. Sauls, 206 F.3d 1156, 1165 (11th Cir. 2000)("Thus a police officer is entitled to qualified immunity if a reasonable police officer could have believed his or her actions were lawful in light of clearly established law and the information possessed by the officer at the time the conduct occurred."). As explained by the Eleventh Circuit in Skop v. City of Atlanta, 485 F. 3d 1130, 1137 (11th Cir. 2007),

> While an officer who arrests an individual without probable cause violates the Fourth Amendment, this does not inevitably remove the shield of qualified immunity. We do not automatically hold an officer liable for making an arrest that, when seen with the benefit of hindsight, turns out not to have been supported by probable cause. As the Supreme Court observed in Anderson v. Creighton, 483 U.S. 635, 641, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987), "it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials . . . should not be held personally liable." Thus, even if we determine that the officer did not in fact have probable cause, we apply the standard of "arguable probable cause," that is, whether "reasonable officers in the same circumstances and possessing the same knowledge as the Defendant[] could have believed that probable cause existed to arrest." Lee v. Ferraro, 284 F.3d 1188, 1195 (11th Cir. 2002) (emphasis added, quotation marks omitted). Indeed, this is "all that is required for qualified immunity to be applicable to an arresting officer." Scarbrough v. Myles, 245 F.3d 1299, 1302 (11th Cir. 2001) (per curiam). This standard recognizes that law enforcement officers may make reasonable but mistaken judgments regarding probable cause but does not shield officers who *unreasonably* conclude that probable cause exists.

Under the arguable probable cause standard, it is the plaintiff's burden to "demonstrate that no reasonable officer could have found probable cause under the totality of the circumstances." Kingsland v. City of Miami, 382 F.3d 1220, 1232 (11th Cir. 2004). Accordingly, the relevant inquiry is "whether [the Defendant] violated clearly established law in making the arrest[] based on the objective factors that gave rise to his probable-cause determination and not whether the arrestee['']s actions actually constituted a crime." Scarbrough, 245 F.3d at 1303 n.8.

Whether an officer possesses probable cause or arguable probable cause depends on the elements of the crime and the operative fact pattern. Skop, 485 F.3d at 1137-38. However, arguable probable cause does not require an officer to prove every element of a crime prior to making an arrest, as such a requirement "would negate the concept of probable cause and transform arresting officers into prosecutors." Scarbrough, 245 F.3d at 1303. Under Alabama law, Driving while under influence of alcohol, controlled substances, etc." ("DUI") is defined as follows:

> (a) A person shall not drive or be in actual physical control of any vehicle while:
>
> > (1) There is 0.08 percent or more by weight of alcohol in his or her blood;
> > (2) Under the influence of alcohol;

11

> (3) Under the influence of a controlled substance to a degree which renders him or her incapable of safely driving;
> (4) Under the combined influence of alcohol and a controlled substance to a degree which renders him or her incapable of safely driving; or
> (5) Under the influence of any substance which impairs the mental or physical faculties of such person to a degree which renders him or her incapable of safely driving.

Ala. Code § 32-5A-191(a). Taken in the light most favorable to Curry, the summary judgment record shows that Defendant Hanks possessed the following information at the time Curry was placed under arrest on September 2, 2012: Hanks was notified of a 911 report of a two car accident on Highway 21 North and County Road 42 in Monroeville, Alabama and that one of the vehicles had fled the scene; Hanks was dispatched to investigate the accident, and upon arrival, he was informed by deputies on the scene that the wrecked van was located on the roadway a short distance from the accident, no one was present when officers arrived; however, they saw indications that someone had left the van and entered the woods, that upon hearing noise in the woods, they directed the subject to come out, that Curry emerged from the woods smelling of alcohol, unsteady on his feet, and yelling that he was not driving the van; and that no one else was located in the vicinity of the wrecked van; Hanks made contact with Curry in the back of the patrol car, and confirmed that he smelled of

alcohol and that Curry became belligerent when he recognized Hanks from an encounter a few months earlier which resulted in Hanks arresting Curry for DUI. Based on the information relayed by 911 and the deputies on the scene, and Hanks' personal observation of Curry on September 1, 2012, Hanks had Curry placed under arrest for DUI, and other offenses. Curry does not dispute that he had a strong odor of alcohol on his person, was slurring his words and was unsteady on his feet when officers arrived at the scene, that he was in the van at the time of the accident, or that he was the only person in the vicinity of the wrecked van upon officers' arrival at the scene. Accordingly, based upon the undisputed record evidence, the Court readily concludes that the record taken in the light most favorable to the Curry establishes that Defendant Hanks possessed at least arguable probable cause for Curry's DUI arrest on September 1, 2012.

While Curry contends that Defendant Hanks did not properly investigate the accident because he did not take finger prints on the front door, or steering wheel of the van, and never bothered to talk to the guy who owned the van (Doc. 31 at 2), the undersigned finds that given the totality of the information available to Defendant Hanks, including, Curry's presence in close vicinity to the van immediately following the accident, as well as the absence of any others, his seemingly impaired state,

the strong odor of alcohol on his person, and the other information conveyed by 911 and deputies at the scene, Defendant Hanks possessed arguable probable cause to believe that Curry had committed a crime. "Arguable probable cause does not require an arresting officer to prove every element of a crime . . . before making an arrest, which would negate the concept of probable cause and transform arresting officers into prosecutors. We have no clearly established law that places such a burden on . . . the arresting officer." Scarbrough, 245 F.3d at 1302-03 (11th Cir. 2001).  Thus, Curry's argument that his arrest was unlawful because Hanks did not sufficiently investigate the crime prior to arresting him is without merit.

Curry further alleges that the DUI charge was eventually dismissed because "the DA said Trooper Hanks did not have any proof or eviden[ce] to support the charges," and Curry contends that if Trooper Hanks had been doing his job correctly, "all of this would not have happened." [4] (Doc. 31 at 2).  However, "[t]hat a defendant is subsequently acquitted or charges are dropped against the defendant is of no consequence in determining the validity of the arrest itself." Marx, 905 F.2d at 1507; see Baker v. McCollan, 443 U.S. 137, 145, 99 S. Ct.

---

[4] The undersigned notes that Defendant Hanks counters that the September 1, 2012 DUI charge was only dismissed as part of a plea arrangement in relation to Curry's earlier DUI charge, for which he was convicted. (Doc. 27-7)).

14

2689, 2695, 61 L. Ed. 2d 433 (1979)("The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted -- indeed, for every suspect released."); Draper v. United States, 358 U.S. 307, 312 n.4, 79 S. Ct. 329, 332 n.4, 3 L. Ed. 2d 327 (1959)("[T]he 'reasonable cause' necessary to arrest cannot demand the same strictness of proof as the accused's guilt upon a trial, unless the powers of peace officers are to be so cut down that they cannot possibly perform their duties.")(quoting United States v. Heitner, 149 F.2d 105, 106 (2d Cir. 1945)). Accordingly, Curry's argument that his arrest was unlawful because the charge was later dismissed is also lacking in merit.

Lastly, Curry argues that Defendant Hanks arrested him because of their negative interaction three months prior to his September 2012 DUI arrest. (Doc. 31 at 2). The law is clear that an arresting officer's subjective intentions, state of mind, and personal motivation are not relevant to the determination of whether probable cause existed for an arrest. U.S. v. Holloman, 113 F.3d 192, 194 (11th Cir. 1997)(proof of "ulterior motives" does not "invalidate police conduct that is justified on the basis of probable cause."). "The [arguable probable cause] standard is an objective one and does not include an inquiry into the officer's subjective intent or

15

beliefs." Grider v. City of Auburn, Ala., 618 F. 3d 1240, 1257 (11th Cir. 2010); See Bloom v. Alvereze, 498 Fed. Appx. 867, 880 (11th Cir. 2012)("While the Blooms allege that Officer Peacock acted out of personal animosity in her attempt to ruin Mr. Bloom, these bare allegations of malice do not prevent a finding of arguable probable cause."). Accordingly, Curry's assertion of ill will or bad motive is not sufficient to defeat Defendant Hanks' entitlement to qualified immunity where under the undisputed facts of this case, Defendant Hanks possessed at least arguable probable cause that Curry had violated the law at the time of Curry's arrest for DUI on September 1, 2012.

## IV.     CONCLUSION

For the reasons set forth above, the undersigned concludes that Defendant Todd Hanks is entitled to summary judgment. Accordingly, it is recommended that Defendant's Motion for Summary Judgment be **GRANTED**, that this action be **DISMISSED** with prejudice, and that judgment be entered in favor of Defendant Todd Hanks and against Plaintiff Albert Curry.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. §

636(b)(1); F<small>ED</small>.R.C<small>IV</small>.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **2nd** day of **February, 2016.**

                                        **/s/ SONJA F. BIVINS**
                                   **UNITED STATES MAGISTRATE JUDGE**